UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MOTORSPORTS OF MELBOURNE, INC.**,

      **Plaintiff,**

v.                                            Case No. 6:25-cv-513-ACC-RMN

**MT. HAWLEY INSURANCE COMPANY**,

      **Defendant.**

## ORDER OF TRANSFER

This cause comes before the Court on the Motion to Change Venue/Transfer Case by Mt. Hawley Insurance Company (Doc. 7). The case arises out of an commercial insurance dispute from damage to Plaintiff's property from a windstorm and hail event on September 28, 2023. (Doc. 1-3). Plaintiff filed the case in state court and Defendant removed the case on March 20, 2025. (Doc. 1).

Defendant now moves to transfer the case based on a mandatory forum selection clause in the applicable policy which requires that any litigation commenced by Plaintiff, as the Named Insured, be initiated in New York:

**LEGAL ACTION CONDITIONS ENDORSEMENT**

This endorsement adds the following to LEGAL ACTIONS AGAINST US elsewhere in the policy:

All matters arising hereunder including questions relating to the validity, interpretation, performance and enforcement of this Policy

> shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the against the Company shall be initiated in the New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

(Doc. 7-1 at 101). To enforce the forum selection clause, Defendant seeks a transfer to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Plaintiff failed to file any opposition to the Motion,[1] thus, the Motion is treated as unopposed. See M.D. Fla. L.R. 3.01(c) ("TIME TO RESPOND. A party may respond to a motion within fourteen days after service of the motion. . . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Title 28 U.S.C. § 1404(a) governs a party's request to enforce a forum-selection clause that points to a particular federal district. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29 (1988). Courts consider only public-interest factors under § 1404(a) when faced with a valid forum-selection clause. *Atl. Marine Const. Co.,*

---

[1] The Local Rule 3.01(g) certification stated that Plaintiff "had not yet responded" and Defendant's counsel would "continue to contact Plaintiff's counsel to confer and will supplement the Certificate accordingly." (Doc. 7 at 21). No supplement was filed. However, Plaintiff failed to file any opposition within 14 days, or by April 10, 2025, as required by the local rules.

*Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). "[W]hen a plaintiff agrees by contract to bring suit only in a specified forum-presumably in exchange for other binding promises by the defendant-the plaintiff has effectively exercised its venue privilege before a dispute arises." *Id*. "Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id*. at 63-64. Thus, a valid forum-selection clause should be given controlling weight "in all but the most exceptional cases." *Id*. at 63. To defeat a § 1404(a) motion, the party defying a forum-selection clause bears the burden to show public-interest factors "overwhelmingly disfavor" a transfer. *Id*. at 67. Plaintiff has not responded and has failed to carry its burden here.

The case will be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) based on the mandatory language in the forum selection clause. *See, e.g., Motorsports of Melbourne, Inc. v. Mt. Hawley Insurance Co*., No. 6:25-cv-36-JA-UAM (M.D. Fla. Feb. 19, 2025); *Touchmark Hotel Group, LLC v. Mt. Hawley Insurance Co*., No. 3:24-cv-424-MMH (M.D. Fla. Sept. 4, 2024); (*La Teresita, Inc. v. Mt. Hawley Ins. Co*., No. 8:22-cv-01046-CEH (M.D. Fla. June 6, 2022); *Murray Hill Presbyterian Church v. Mt. Hawley Ins. Co*., No. 3:21-cv-1077-HES-JBT, DE 20 (M.D. Fla. May 12, 2022).

Based on the foregoing, it is ordered as follows:

1. Defendant's Motion to Transfer Venue (Doc. 7) is **GRANTED**.

- 4 -

2. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Southern District of New York, and thereafter, close the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 15, 2025.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record